UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LISA SLATTERY,**

    **Plaintiff,**

v.                                                    **CASE #**

**HARTFORD LIFE AND**
**ACCIDENT INSURANCE, CO.,**

    **Defendant.**
_____/

## COMPLAINT

The Plaintiff, LISA SLATTERY (SLATTERY), sues Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE, CO., (HARTFORD), and states:

### Jurisdiction and Venue

1. This is an action for relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et. seq.

2. This Court has jurisdiction pursuant to ERISA § 502, 29 U.S.C. §1132.

3. HARTFORD is an insurance company licensed to transact business in Florida, which is or was at all relevant times engaged in business in this District.

4. SLATTERY was at all relevant times employed by Delta Airlines, Inc. (Delta) at a location within this District.

5. Delta is the Plan Sponsor of an employee benefit plan providing disability benefits to its employees (the Plan).

6. At all relevant times, SLATTERY is and/or was a participant in the Plan incident to her employment.

7. Venue is proper within this District.

**Standard of Review Applicable to this ERISA Action**

8. Delta funded its Plan by purchasing a group policy of insurance (Policy # GP-876551) issued by HARTFORD. A copy of the Long Term Disability policy is attached hereto as Exhibit "A".

9. HARTFORD made benefits determinations under the group policy it issued, including the determination made on Plaintiff's claim.

10. The Plan's terms do not grant discretionary authority to HARTFORD. Alternatively, the Plan Administrator or Plan Sponsor did not properly delegate discretion to HARTFORD.

11. The Long Term Disability group policy was drafted in its entirety by HARTFORD.

12. The Long Term Disability group policy is a contract of adhesion.

13. The employees or agents of Delta and HARTFORD did not discuss or correspond about the existence, meaning, or significance of delegating discretionary authority from Delta to HARTFORD.

14. There is no mention of any delegation of discretion to HARTFORD within the four corners of the Long Term Disability group insurance policy which funds the Plan.

15. HARTFORD was not delegated discretionary authority such that its claim decision is entitled to a discretionary or arbitrary and capricious standard of review, because of one or more of the following:

   a) Delta never had the authority to delegate discretion to HARTFORD following the inception of its disability plan;

   b) Discretionary authority is a material concept that HARTFORD never discussed or negotiated with Delta;

   c) The Long Term Disability group insurance policy is a contract of adhesion drafted entirely by the funding source company which cannot inject discretion into the plan for the first time;

   d) If it had the power to delegate discretion, Delta did not properly delegate discretionary authority over claims decisions to HARTFORD.

16. De novo review applies to this action.

17. To the extent that this Court determines that de novo review does not apply to this action, HARTFORD pays claims from its own general assets as the claims decision maker and funder of the group insurance policy, and HARTFORD operates under a conflict of interest.

18. HARTFORD is the Plan's claims administrator; handling claims under the insurance policy.

19. Any claims paid under the Long Term Group Insurance Policy are paid by HARTFORD entirely from HARTFORD's assets.

20. No assets of Delta are used to pay claims under the Long Term Disability group insurance policy.

## Claim for Disability Benefits Under the Plan

21. SLATTERY stopped working on September 18, 2005, because of the following medical conditions: Spinal Stenosis, Fibromyalgia, Reflex Sympathetic Dystrophy, and back, neck, and shoulder pain.

22. At all relevant times, a Plan participant is and was eligible to receive Long Term Disability benefits when the participant meets the following definition stated in the group insurance policy funding the Plan:

> After the first 6 months that any Monthly Benefit is payable during a certified period of disability, you will be deemed to be disabled on any day if you are not able to work at any reasonable occupations solely because of disease or injury.

23. SLATTERY applied for Long Term Disability benefits under the Plan and was paid from March 20, 2006.

24. HARTFORD terminated SLATTERY's claim for Long Term Disability benefits on September 21, 2022.

25. The basis for HARTFORD's termination of benefits was that SLATTERY did not meet the Plan's definition of disability because it claimed her conditions and symptoms did not prevent her from doing any occupation.

26. SLATTERY submitted a timely appeal of the denial of benefits to HARTFORD on March 16, 2023.

27. At all relevant times, SLATTERY met the terms of the Plan's definition of "disabled."

28. SLATTERY suffers severe chronic ailments including Reflex Sympathetic Dystrophy, fibromyalgia, insomnia, migraines, urinary and fecal incontinence, irritable bowel syndrome, GERD, degenerative spondylolisthesis, spinal stenosis of lumbar region, lumbosacral radiculopathy, osseous and subluxation stenosis of intervertebral foramina, and chronic pain in the shoulder, wrist, back, knees, feet, hips, ankles, and neck.

29. On March 20, 2023, Kathrine Adams, APRN, SLATTERY's treating provider, determined that SLATTERY's conditions are chronic, she cannot sit, stand, or walk for more than two hours each in a day, and can use fine and gross manipulation only occasionally.

30. SLATTERY's treating providers have not issued a release to return to work.

31. SLATTERY has met the definition of total disability based upon objective restrictions and limitations stemming from objective medical evidence and conditions.

32. On April 26, 2023, HARTFORD upheld its original decision and denied SLATTERY's appeal, stating SLATTERY maintained the functional capacity to consistently perform fulltime work.

33. HARTFORD has refused to pay the benefits sought by SLATTERY and as grounds for such refusal has alleged that Plaintiff does not meet the definition of disability in the Plan.

34. With respect to all claims made herein, SLATTERY has exhausted all administrative/pre-suit remedies.

35. SLATTERY is entitled to certain benefits under the Plan consisting of benefits for Long Term Disability from September 21, 2022, through the date of filing this action.

36. SLATTERY's gross plan benefit is $1,800 per month.

37. There are 8 months of past-due monthly benefit payments owed through the date of filing this action.

38. HARTFORD has deprived SLATTERY of the aggregate sum of $14,400.

39. Plaintiff is entitled to benefits herein because:

   a. The benefits are permitted under the Plan.

   b. Plaintiff has satisfied all conditions to be eligible to receive the benefits.

   c. Plaintiff has not waived or relinquished entitlement to the benefit.

40. Each monthly benefit payment owed is a liquidated sum and became liquidated on the date the payment was due and payable. Plaintiff seeks prejudgment interest on each such payment.

41. Pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), SLATTERY is entitled to an award of reasonable attorney fees and costs incurred in an action brought under ERISA. Plaintiff has been required to obtain the undersigned attorney to represent her in this matter and has agreed to a reasonable attorney fee as compensation to her for her services.

WHEREFORE, the Plaintiff, LISA SLATTERY, asks this Court to enter judgment against the Defendant, INSURANCE COMPANY FULL NAME, a foreign corporation, finding that:

(1) The Plaintiff is entitled to Long Term Disability benefits from September 21, 2022, through the filing of this lawsuit; and

(2) The Plaintiff must be awarded benefits in the amount not paid to the Plaintiff from September 21, 2022, to the date of filing this lawsuit, totaling of $14,400, together with prejudgment interest at the legal rate on each monthly payment from the date it became due until the date it is paid; and

(3) The Plaintiff must be awarded reasonable attorney fees and costs incurred in this action; and

(4)  For such other and further relief as this Court deems just and proper, including but not limited to:

   a. a declaration that Plaintiff's same claim for benefits continues after the last date of benefits awarded by the Court, without need to file a new application for benefits, and

   b. remanding Plaintiff's claim to the Plan Administrator for further action to address continuing benefits after the final date of benefits awarded by this Court, and

   c. ordering Defendant to advise Plaintiff's former employer or any other necessary entity that benefits in this action were properly paid through the date of this Court's Order awarding benefits for purposes of coordinating or reinstating any ancillary benefits which should properly be paid or for which coverage should be awarded as a result of Plaintiff's receipt of disability benefits under the Plan.

Signed this 24th day of May, 2023.

/s/ John v. Tucker
JOHN V. TUCKER, ESQUIRE
Florida Bar # 0899917
TUCKER LAW GROUP, P.A.
5235 16th St. North
St. Petersburg, FL  33703
Tel.:  (727) 572-5000
Fax:  (727) 571-1415
tucker@tuckerdisability.com
*Counsel for the Plaintiff*